Ruffin, C. J.
 

 As there was no evidence that the note or letters below the bill had been taken off by a stranger, or by any accident or mistake of the plaintiffs, there was no ground
 
 *399
 
 ior submitting the case to the jury in those respects, it is to be assumed, therefore, that the plaintiffs themselves, or some holder of the bill, did the act, and that they did it of purpose, at least; if not, in the language of the charge, fraudulently. Thus viewing the case we should concur with his Honor, and deem the bill destroyed, provided the words or letters in question formed a part of the bill, so as to make their removal a mutilation of that instrument, as it is called. But we cannot so regard those letters. In themselves they are insensible, and cannot be understood as in the least degree varying the terms of the bill as expressed at large on its face, nor the legal rights or liabilities of the party to the bill. But to persons conversant in business, the object in making the note and its meaning are very intelligible. When the plaintiffs put their name on the paper, it was to give it credit at bank, that it might be discounted. Now, in a regular business transaction, as every one is to be supposed
 
 prima facie
 
 to be, the plaintiffs, as the immediate endorsers to the bank, were to be treated as the owners of the paper and its offerers, to*whose credit the proceeds of the discount were to be passed. But as this was not real paper, belonging to the plaintiffs, as upon the face of things it seemed, but was a wind bill, on which the object was to raise money for Crane to meet his previous acceptance for Walker’s accommodation, the parties, that is, Crane and the plaintiffs, did not wish to go through the needless trouble of having the money paid first by the bank to the plaintiffs, and then by them to Crane ; but rather, that Crane should receive it in the first instance. No doubt, therefore, that the letters marked at the bottom of the paper meant, that, if the note should be discounted, the proceeds were not to be entered to the credit of the plaintiffs, as the apparent offerers. It was an order, signed with the initials of the plaintiffs : «Credit James C. Crane,” who is the real offerer. It was nothing more, in fact, than a memorandum to enable the bank officers to pay the money to the proper person, as between the plaintiffs and Crane. It was well understood at the bank, and the money was paid to Craneand when that was done,
 
 *400
 
 the note had answered its purpose, and was no longer of any use’ when the bill,came again into the plaintiffs hands. It was a mere note, to serve instead of a cheek for the proceeds * of the bill by the plaintiffs in favor of Crane, and was exclusively, therefore, between those parties and the bank. It formed no part of the bill itself, did not modify its terms or legal operation, or concern the acceptor or prior endorsers ; and, therefore, there has been no mutilation in the case, that is, of the bill. It is precisely the same as if the memorandum had peen on a different piece of paper-; and the removal of it has not altered .the tenor of the bill in the least.
 

 Upon the first point, we fully concur with
 
 his
 
 Honor. The demand of the plaintiffs on the defendants arises naturally and legally out of the order in which their names appear on the bill; and there is nothing to vary it. The plaintiffs did not endorse at the request, or for the accommodation, of Walkr er, but at the request and for the benefit of Crane. They endorsed the bill with the names of Williamson and Roane on it, for the purpose of giving it additional credit in the market for the accommodation of Crane, ,an,d no.t for the purpose of sharing in the risks assumed by the defendants for Walker. They have just as much right to look to the prior .endorsers for payment, as to the acceptor himself. The court is of opinion, the plaintiffs were clearly entitled to a verdict; and, therefore, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Cxjriam, Judgment reversed and
 
 venire de
 
 novo,